IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDE JAMES THOMAS, § | | |
| TDCJ #1331260, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-1533 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

State inmate Claude James Thomas (TDCJ #1331260, former TDCJ #1124110, #1182144, #1040651, #869939) seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2005 state court conviction. After reviewing the petition and supporting memorandum, the Court issued an order directing Thomas to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d) [Doc. # 5]. Thomas has filed a response [Doc. # 6]. After considering all of the pleadings, and the applicable law, the Court **dismisses** this case for reasons that follow.

**I.   BACKGROUND**

Thomas is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") as the result of a murder conviction entered against him on October 4, 2005, in cause number 1008680. After Thomas entered

a guilty plea in that case, the 180th District Court of Harris County, Texas, sentenced him to serve 22 years in prison. Thomas did not appeal.

Thomas now seeks habeas corpus relief from his conviction under 28 U.S.C. § 2254(d) in a petition that was filed on April 15, 2011.[1] In his petition and supporting memorandum, Thomas contends that he is actually innocent of the offense of murder because he did not intend to kill the victim. Arguing that he accidentally shot the victim during a struggle, Thomas complains that his guilty plea should be set aside because there was "no evidence" to support a murder conviction. Thomas complains further that his attorney was deficient for failing to quash his indictment for murder in favor of a lesser charge. For reasons discussed briefly below, the Court concludes that the petition must be dismissed as barred by the applicable one-year statute of limitations.

## II. THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Thomas in the Court's show cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521

---

[1] Although the Clerk's Office recorded the petition as filed on April 20, 2011, Thomas executed the petition on April 15, 2011, indicating that he placed his pleadings in the prison mail system on that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

In this instance, Thomas challenges a state court conviction entered pursuant to a guilty plea that occurred on October 4, 2005. The statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Thomas did not file a direct appeal, his conviction became final thirty days after his guilty plea on November 3, 2005. *See* TEX. R. APP. P. 26.2(a). That date triggered the one-year statute of limitations on federal habeas corpus review, which expired on November 3, 2006. Thomas's pending federal habeas corpus petition, executed on April 15, 2011, is more than four years late and is therefore time-barred unless Thomas can show that a statutory or equitable exception applies.

### A. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Thomas filed a state application

for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on January 16, 2007, which the Texas Court of Criminal Appeals denied on April 25, 2007. *See Ex parte Thomas*, No. 67,309-01. Thomas filed a second state habeas corpus application on June 11, 2010, which the Texas Court of Criminal Appeals dismissed on September 8, 2010, pursuant to Article 11.07 § 4, as an abuse of the writ. *See Ex parte Thomas*, No. 67,309-02. Because both of these applications were filed after the federal habeas deadline had already expired, neither proceeding tolls the statute of limitations for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

     Thomas presents no other basis for statutory tolling, and the pleadings do not disclose any. In that regard, Thomas does not invoke 28 U.S.C. § 2244(d)(1)(B), or show that he was subject to state action that prevented him from filing a timely petition. Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Thus, there is no statutory basis to save Thomas's late-filed claims.

     **B.**    **Equitable Tolling**

     Thomas concedes in his response to the show cause order that his federal petition is untimely [Doc. # 6, at 1]. Arguing that he did not intend to commit the offense of murder,

Thomas appears to seek equitable tolling of the statute of limitations on the grounds that he is actually innocent.

The statute of limitations on habeas corpus review may be equitably tolled, at the district court's discretion, "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court has held that a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to establish that equitable tolling is justified. *See id.*; *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). Thomas does not meet that burden here.

The pleadings document extensive delay on Thomas's part. Thomas, who did not pursue a direct appeal, waited years to challenge his conviction on state habeas review. Thomas offers no explanation for his delay in seeking collateral review of his 2005 conviction. It follows that Thomas fails to establish that he has pursued his rights with the requisite diligence.

Likewise, Thomas's claim of actual innocence does not demonstrate an extraordinary circumstance that would excuse his lack of diligence or constitute grounds for equitable tolling. A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new

evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup v. Delo*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623-624 (1998). The Court notes that Thomas pleaded guilty to the murder charges against him in exchange for a 22-year prison sentence. Thomas, who now apparently reasons that he is guilty of manslaughter, but not murder, does not present any independent evidence to support his version of how the offense occurred. More importantly, because Thomas has not shown himself to be innocent as a matter of fact, he does not establish an excuse for his failure to seek federal habeas corpus review in a timely fashion or show that exceptional circumstances warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that claims of actual innocence are not a "rare and exceptional circumstance" which justifies equitable tolling of the statute of limitations given that many prisoners maintain they are actually innocent); *see also Prince v. Thaler*, 354 F. App'x 846 (5th Cir. 2009) (noting that "[t]here is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations" and declining to address the issue further because the petitioner did not make a showing of actual innocence).

None of Thomas's other allegations demonstrate an exceptional circumstance that meets the criteria for equitable tolling. Although Thomas has represented himself in this proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an

6

untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. *See Felder*, 204 F.3d at 173. The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applies, if at all,"restrictively," and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)). Given the length of delay and the petitioner's clear lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Thomas has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over fifteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  June 7, 2011.

                                                                Nancy F. Atlas
                                                                United States District Judge